# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

LAWRENCE KEITH HENDERSON,

        Petitioner,

v.                                          Case No. 05-CV-72676-DT

MILLICENT D. WARREN,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Pending before the court are Petitioner Lawrence Keith Henderson's *pro se* application for the writ of habeas corpus under 28 U.S.C. § 2254 and Respondent Millicent R. Warren's answer in opposition to the habeas petition. The habeas petition challenges Petitioner's state convictions and sentence on two grounds. Because the grounds for relief lack merit, the habeas petition will be denied.

## I. BACKGROUND

Petitioner was charged in Wayne County, Michigan with first-degree criminal sexual conduct and assault with intent to do great bodily harm less than murder. The charges arose from a sexual assault on the twenty-eight-year-old girlfriend of Petitioner's cousin in December, 2002. Petitioner was living in the home of his cousin, the girlfriend and her children at the time.

The record indicates that Petitioner went to a mall with the victim and his cousin on the afternoon preceding the alleged assault. He and his cousin smoked a PCP cigarette in the car. He went to bed when they got home, and his cousin left the house

for work. The victim testified the Petitioner suddenly appeared in her bedroom half-naked, attacked her and beat her for at least thirty minutes, during which time he committed a sexual assault on her involving partial vaginal penetration. Petitioner claimed that remembered only being arrested, but said that he did not remember hitting the victim or trying to force himself on her. When police officers interrogated him after the incident, he suggested that they ask the victim what happened, because she was a good friend of his, and he could not remember what happened. He conceded that he apparently did something he should not have done while he was "high."

Petitioner's defense at trial was that he ingested something that made him "freak out" and do something uncharacteristic. He argued through counsel that the victim's testimony was inconsistent with the evidence and with the information that she provided to the police and to a nurse after the incident. He asserted that the prosecution had failed to establish the element of penetration and that, at most, he was guilty of aggravated assault or assault and battery.

On April 3, 2003, a jury found Petitioner guilty as charged in count one of first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b(1)(f) (sexual penetration using force or coercion and causing injury). On count two, the jury found Petitioner guilty of the lesser-included offense of aggravated assault, Mich. Comp. Laws § 750.81a. The trial court sentenced Petitioner as a habitual offender to time served for the assault and from thirty to fifty years for the criminal sexual conduct. The Michigan Court of Appeals affirmed Petitioner's convictions and sentence, *see People v. Henderson*, No. 248603 (Mich. Ct. App. Sept. 21, 2004), and on April 26, 2005, the

2

Michigan Supreme Court denied leave to appeal, *see People v. Henderson*, 472 Mich. 896; 695 N.W.2d 73 (2005) (table).

Petitioner filed his habeas corpus petition on July 7, 2005. The grounds for relief are:

   I.   The evidence presented at Petitioner's trial was insufficient to convict him of first degree criminal sexual conduct.

   II.  The incorrect scoring of offense variable 7 in the sentencing information report requires that the petitioner be resentenced.

Respondent argues that the Michigan Court of Appeal's adjudication of the first claim was not an unreasonable application of Supreme Court precedent and the latter claim is not cognizable on habeas review .

## II. STANDARD OF REVIEW

Section 2254(d) of Title 28, United States Code, imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application occurs" when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id*. at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 411.

## III.  DISCUSSION

### A.  Sufficiency of the Evidence

Petitioner alleges that the evidence presented at his trial was insufficient to convict him of first-degree criminal sexual conduct. Specifically, Petitioner claims that there was insufficient evidence that he sexually penetrated the victim's vagina with his penis.

The Michigan Court of Appeals adjudicated Petitioner's claim on the merits and concluded that the evidence was sufficient to support his conviction for criminal sexual conduct. The court of appeals stated that the victim's testimony was sufficient to establish that Petitioner's penis penetrated her vagina and that "[e]ven if there was insufficient evidence of vaginal penetration, evidence of penetration of the labia majora is sufficient to satisfy the elements of first-degree criminal sexual conduct." *Henderson,* Mich. Ct. App. No. 248603, at 2.

4

### 1. Legal Framework

"[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). After *Winship,* the critical question on review of the sufficiency of the evidence to support a criminal conviction is

> whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt. [T]his inquiry does not require a court to 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.' Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

*Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979) (internal citation and footnote omitted) (emphasis in original). This "standard must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law," *id.* at 324 n.16, and through the framework of 28 U.S.C. § 2254(d), *Martin v. Mitchell*, 280 F.3d 594, 617 (6th Cir. 2002).

To prove first-degree criminal sexual conduct, the prosecutor was required to establish that Petitioner "cause[d] personal injury to the victim and force or coercion [wa]s used to accomplish sexual penetration." Mich. Comp. Law § 750.520b(1)(f). The only element in dispute here is "sexual penetration," which the legislature has defined as "sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body . . . ." Mich. Comp. Laws § 750.520a(o). The labia majora of a female victim are considered a genital opening. *People v. Legg*, 197 Mich.

5

App. 131, 133; 494 N.W.2d 797, 798 (1992); *People v. Bristol*, 115 Mich. App. 236, 238; 320 N.W.2d 229, 230 (1981).

## 2. The Facts

Police officers Gregory Barrett and James Forrest testified that they were dispatched to the crime scene and that the victim said Petitioner had tried to rape her. (Tr. Apr. 2, 2003, at 89-90 (Gregory Barrett); Tr. Apr. 3, 2003, at 34 (James Forrest)). The victim informed Police Officer Marvin Jones, who interviewed her in the hospital after the incident, that Petitioner rubbed his penis on her vagina and attempted to penetrate her. (Tr. Apr. 3, 2003, at 17-18.)

According to Petitioner, the testimony established only that his penis was flaccid and that he rubbed it along the inside of the victim's legs and on her vagina. He maintains that the rubbing of, or even the separation of, the lips of the vagina does not equate to even minimal "penetration" and that, a rational trier of fact could not have found that necessary element the crime charged.

The victim, however, testified that, although Petitioner's entire penis did not penetrate her, he did place the head of his penis in her vagina, and he spread the outer lips of her vagina with his penis. (Tr. Apr. 1, 2003, at 163-66; Tr. Apr. 2, 2003, at 20-21, 31.) The registered nurse who examined the victim after the incident documented the incident as sexual penetration, because the victim indicated that Petitioner rubbed the outer lips of her genitalia. (Tr. Apr. 2, 2003, at 51, 57, 65-67.)

### 3. Sufficient Evidence Supports the Conviction

A rational jury could have concluded from the victim and the nurse's testimony that Petitioner penetrated the victim's vagina with the head of his penis or that he penetrated the outer lips of her genitalia "however slight[ly]," Mich. Comp. Laws § 750.520a(o). Under either scenario, the prosecution established the element of penetration. Therefore, a rational trier of fact viewing the evidence in a light most favorable to the defense could have concluded that Petitioner was guilty of first-degree criminal sexual conduct. The state court's conclusion that the evidence was sufficient did not result in a decision that was contrary to, or an unreasonable application of, *Jackson*.

### B. The Sentence

The second and final habeas claim alleges that offense variable 7 (aggravated physical abuse) of the state sentencing guidelines was incorrectly scored at 50 points instead of zero. Petitioner asserts that he is entitled to be resentenced, because a correct scoring of offense variable 7 would have resulted in considerably lower sentencing guidelines.

### 1. The State Law Claim

The alleged violation of state law and improper interpretation of the State's sentencing guidelines fail to state a claim on which habeas relief may be granted. *Austin v. Jackson*, 213 F.3d 298, 300 (6th Cir. 2000) (citing *Pulley v. Harris*, 465 U.S. 37, 41 (1984)); *Whitfield v. Martin*, 157 F. Supp. 2d 758, 762 (E.D. Mich. 2001) (Tarnow, J.). Federal courts may grant the writ of habeas corpus only on the ground that the

petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

## 2. The Federal Law Claim

Petitioner purports to allege a federal constitutional claim by asserting that he had a due process right to be sentenced on accurate information. A sentence violates due process if it is based on "misinformation of constitutional magnitude," *Roberts v. United States*, 445 U.S. 552, 556 (1980) (quoting *United States v. Tucker*, 404 U.S. 443, 447 (1972)), or on "extensively and materially false" information, which the defendant had no opportunity to correct. *Townsend v. Burke*, 334 U.S. 736, 741 (1948).

Under state law, offense variable 7 must be scored at 50 points if "[a] victim was treated with sadism, torture, or excessive brutality or conduct designed to substantially increase the fear and anxiety a victim suffered during the offense." Mich. Comp. Laws § 777.37(1)(a). If no victim was treated that way, the score for offense variable 7 is zero. Mich. Comp. Laws § 777.37(1)(b).

Petitioner states that there was no evidence to support the "excessive brutality" score of 50 even though the victim was struck numerous times, had two black eyes and minor scrapes. He contends that the conduct in question was nothing more than the "personal injury" or "force or coercion" elements of first-degree criminal sexual conduct.

The prosecutor made the following argument in favor of assessing 50 points for offense variable 7:

> This was a prolonged beat[ing], the testimony was for thirty minutes, the defendant struck [the victim] multiple times in the face area. . . . I believe her eye was totally swollen shut. There w[ere] medical records that

8

>
> documented abrasions, scrapes, contusions along her arms, across the top of her breasts, in her leg.
>
> . . . .
>
> [T]here was testimony that while this assault was occurring . . . on the bed area of [the victim's] bedroom, her sons came up to help, to protect her. The sons attempted to intervene. The defendant continued his assault upon [the victim] even though the sons were there trying to stop the defendant.
>
> At one point, the testimony is that the defendant struck one of the boys that were attempting to help their mother. At one point, one of the boys went to get a knife to protect his mother and [the victim] said that she was afraid that if her son came into the room with the knife that the defendant would take the knife away from her [sic] and ultimately maybe attack her or her children and kill them with the knife.

(Tr. Apr. 17, 2003, at 6-7.)

The victim stated at the sentencing that Petitioner scarred her emotionally and physically. In addition, her children were afraid to sleep alone in their rooms, and she anticipated that they would think about the incident for the rest of their lives. She also stated that the three of them continued to attend counseling sessions as a result of the incident. (*Id.* at 10-12.)

Petitioner asked for forgiveness at sentencing. He stated that his drug addiction made him do something he never thought possible. (*Id.* at 13.)

The Michigan Court of Appeals noted that Petitioner repeatedly hit the victim in the face with considerable force and that he continued his assault while the victim's two young children observed and tried to stop the assault. The court concluded that the evidence supported the score of 50 points for offense variable 7 as the victim was treated with "excessive brutality." *Henderson*, Mich. Ct. App. No. 248603, at 2.

The Court of Appeals specifically pointed to testimony by the victim that "detailed

ten forceful blows. . . thirty to forty minutes of fighting between her and defendant, the act of the rape itself, and how her sons were present during the attack and tried desperately to help her." The court found further support for this 50-point variable because Petitioner "increased her fear and anxiety for their safety" . . . "by choosing to commit the assault while the victim's children were present in the home, . . . especially when they attempted to help her. . . ." *Id.*

The facts, as summarized by the prosecutor, the victim and the Michigan Court of Appeals, conclusively show that Petitioner was not sentenced on the basis of "misinformation of constitutional magnitude," or "extensively and materially false" information, which he had no opportunity to correct. Therefore, the state appellate court's decision affirming Petitioner's sentence was neither contrary to, nor an unreasonable application of, *Roberts*, *Tucker* or *Townsend.*

## IV. CONCLUSION

The state court's adjudication of Petitioner's claims did not result in an unreasonable determination of the facts. Nor was the state court's decision contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court. Accordingly,

IT IS ORDERED that the habeas petition [Dkt. 1] is DENIED.

   S/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated: June 26, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 26, 2007, by electronic and/or ordinary mail.

           S/Lisa Wagner
          Case Manager and Deputy Clerk
          (313) 234-5522

6/26/07:S:\Cleland\JUDGE'S DESK\C2 ORDERS\05-72676.HENDERSON.DenyHabeas.BH.2.wpd

11